*626 OPINION.
Phillips :
The petitioner claims to have sustained a loss in 1920 upon the sale of 50 shares of stock of the Puritan Brick Co. The stock of this company was received by the petitioner in 1917 upon liquidation of the Puritan Co. The real question in the case is whether the cost of the stock of the Puritan Co. (at one time known as the Ohio Cement Co.) can be used as the basis for determining the gain or loss on the sale of the stock of the Puritan Brick Co.
The petitioner claims that the liquidation of the Puritan Co. did not change his interest in the business conducted by the two corporations; that there was merely a reorganization which amounted to no more than a change of name and that this proceeding is governed by Weiss v. Stearn, 265 U. S. 242. The facts are too meager to demonstrate that such is the case. Such facts as there are tend to show the contrary. Instead of continuing as a preferred stockholder, petitioner appears to have become the owner of common stock. Instead of continuing to have the rights and privileges of a preferred stockholder, he received the rights and privileges of a common stockholder. This fact alone would in our opinion be sufficient to bring the case within the later decision of the Supreme Court in Marr v. United States, 263 U. S. 536. That which the petitioner sold in 1920 was not that which he had purchased prior to 1913. The basis for determining any gain or loss from the sale in 1920 would be the value of the stock received in 1917. The record contains no evidence of such value, the petitioner relying upon his contention that the cost or March 1, 1913, value of the stock of the Puritan Co. was controlling.

Decision will be entered for the respondent.